UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

FRANCIS X. SCHIAVETTI                               Case No. 15-25895-PGH
                                                    Chapter 7

_____Debtor_____/

**DEBTOR'S OBJECTION TO TRUSTEE'S MOTION TO APPROVE
STIPULATION TO COMPROMISE CONTROVERSY**

Debtor, Francis X. Schiavetti, by and through the undersigned counsel, files this Objection to Trustee's Motion to Approve Stipulation to Compromise Controversy, and in support thereof states as follows:

1. Debtor executed a Stipulation to Compromise Controversy on February 12, 2016, which consisted of a global attempt to settle alleged transferred funds to the Debtor's parents, and the Trustee's pending objection to exemptions.

2. Debtor made one payment of $5,000.00 under the Stipulation with borrowed funds from his sister, with the intention of using his income tax refund to make the next three installments, as well as to repay his sister for the loan, however, the Trustee seized the Debtor's income tax refund, making it impossible for him to meet the terms of the Stipulation.

3. Debtor surrendered his secured vehicle to decrease his monthly expenses, and he has secured new employment which increases his monthly income, thus making Debtor eligible to convert his case to Chapter 13 and make payments under a Chapter 13 Plan.

4. On March 2, 2016, Debtor filed a Motion to Convert Case from Chapter 7 to Chapter 13 (Docket Entry # 61).  The Trustee was aware of this filing, as well as reasons for the Motion that were set forth in a letter to the Trustee's attorney, Michael R. Bakst, on March 4, 2016.

5. On March 3, 2016 the Trustee filed a Motion to Approve Stipulation to Compromise Controversy (Docket Entry # 63), knowing the Debtor was unable to meet the terms of the Stipulation and knowing the Debtor has a pending Motion to Convert Case from Chapter 7 to Chapter 13.

6.  Debtor executed the Stipulation to Compromise Controversy in good faith, but he could not foresee the considerable change of circumstances that took place shortly thereafter, which rendered him unable to meet the demands outlined in the Stipulation. However, additional changes to his financial circumstances have now rendered him eligible to convert his case to Chapter 13 without jeopardizing any of his creditors.

7. As a result of the Debtor's change in circumstances since the filing of the bankruptcy petition and signing of the Stipulation, the Debtor is now able to sufficiently fund a Chapter 13 Plan, and he is entitled to convert this case pursuant to 11 USC §706.

8. The proposed settlement is not in the best interest of the Creditors because the Debtor cannot afford payments pursuant to the Stipulation without the use of his income tax refund, which has been seized by the Trustee.

9. A conversion to Chapter 13 will allow the creditors to be paid the same, if not more, than the proposed Stipulation presented by the Trustee for approval.

10. The Debtor requests the Court reserve ruling on this Motion until after a decision is rendered in the Debtor's Motion to Convert Case from Chapter 7 to Chapter 13.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1 (A).

**LAW OFFICE OF MAUREEN K. GOUR, P.A.**
1045 East Atlantic Avenue, Suite 206
Delray Beach, Florida 33483
Telephone: (561) 740-4726
email: Maureen@gourlaw.com

By: /s/ Maureen K. Gour, Esq.
       Florida Bar No.: 592781